UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONNA COUNTER,<br>Plaintiff,<br>v.<br>DEPARTMENT OF MOTOR VEHICLES,<br>Defendant. | Case No. 2:24-cv-0147-JDP<br><br>ORDER |

Plaintiff Shonna Counter seeks a disability license plate that is also personalized with letters, numbers, and/or symbols of her choosing. Defendant Department of Motor Vehicles maintains that state law forbids personalizing disability license plates. Plaintiff filed this action to challenge the DMV's policy on the basis that it violates the Americans with Disabilities Act ("ADA"). The parties have filed cross motions for summary judgment. For the reasons stated below, the court denies plaintiff's motion and grants defendant's motion.

**Background**

The parties have stipulated to the following facts. Defendant is an entity covered by Title II of the ADA. *See* ECF No. 41-4 at 2; 42 U.S.C. § 12131. Plaintiff is disabled within the meaning of Title II of the ADA. ECF No. 41-4 at 2. Plaintiff possesses a Disabled Person License Plate ("DPLP") that was issued to her by the DMV. *Id.* As the parties acknowledge, the

issuance of a DPLP is governed by California Vehicle Code § 5007. *Id*. at 3. Relevant here, this section requires a DPLP to "run in a regular numerical series that shall include one or more unique two-letter codes reserved for disabled person license plates" and include the "International Symbol of Access . . . commonly known as the 'wheelchair symbol[.]'" Cal. Veh. Code § 5007(b).

The DMV offers personalized license plates, which "permi[t] individuals, for a fee and with some editorial, space, and availability limitations, to have non-sequentially assigned license plates using a series of letters, numbers and/or symbols ('Characters') selected by the person ordering the plate." ECF No. 41-4 at 2. Personalized license plates "are available on several types of license plates" and "are one of the benefits of, a service, program or activity offered by the DMV." *Id*. Further, personalized license plates may "be combined with license plates for motorcycles" or "issued with two to seven characters depending on the license plate type and design." *Id*.

Individuals with a DPLP "are not allowed the option" to personalize their plate. *Id*. Offering personalized license plates to those with DPLP "would not fundamentally alter the nature of any service, program or activity." *Id*. at 3. In lieu of a DPLP, an individual may choose to have a disability parking placard, which is a separate benefit, program, or service. *Id*. Individuals may use a disability parking placard "in combination with plates other than" a DPLP, meaning that an individual can have a personalized license plate and a placard. *Id*.

**Procedural History**

Plaintiff initiated this action in January 2024, asserting that defendant's refusal to issue her a personalized DPLP was unlawful.[1] ECF No. 1. Specifically, plaintiff asserts that defendant has violated the ADA, California Disabled Persons Act, First Amendment, and Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 1 ¶¶ 64-99.

On April 30, 2026, the parties filed cross motions for summary judgment.[2] ECF Nos. 41

[1] While plaintiff also initially alleged that a particular DMV location did not comply with ADA requirements, claims as to those allegations have been dismissed with prejudice pursuant to the parties' stipulation. *See* ECF No. 1 ¶¶ 20-33; ECF No. 34.

[2] The parties have consented to magistrate judge jurisdiction. ECF No. 24.

& 42. Plaintiff filed an opposition to defendant's motion on May 28, 2026, and defendant filed an opposition to plaintiff's motion on the following day.[3] ECF Nos. 45 & 47. Plaintiff has filed a reply in support of her motion for summary judgment.[4] ECF No. 48.

**Legal Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

Each party's position must be supported by: (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its

---

[3] While defendant filed its opposition a day late, the court declines to construe defendant's failure to file a timely opposition as a non-opposition to plaintiff's motion. *See* E.D. Cal. L.R. 230(c).

[4] Plaintiff concurrently filed an unopposed request for judicial notice. ECF No. 49. The court grants this request.

ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). "[A] district court has no independent duty 'to scour the record in search of a genuine issue of triable fact,' and may 'rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'" *Simmons*, 609 F.3d at 1017 (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Moreover, the non-moving party must "show more than the mere existence of a scintilla of evidence." *In re Oracle*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**Analysis**

While plaintiff maintains other claims, this action turns on plaintiff's ADA claim. The ADA prohibits discrimination against individuals with disabilities. *See* 42 U.S.C. §§ 12101, *et seq*. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a Title II claim, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against her; and (3) the exclusion, denial, or discrimination was by reason of her disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Title II's "prohibition against discrimination is universally understood as a requirement to provide 'meaningful access.'" *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009) (quoting *Mark H. v. Lemahieu,* 513 F.3d 922, 937 (9th Cir. 2008)). "Title II emphasizes 'program access,' meaning that a public entity's programs and services, viewed in their entirety, must be equally accessible to disabled persons." *Cohen v. City of Culver City*, 754 F.3d 690, 694-95 (9th Cir. 2014) (citing *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1215-16, 1222 (9th Cir. 2008)).

Here, the parties stipulate that plaintiff is a qualified individual with a disability. ECF No. 41-4 at 2. The court's inquiry, therefore, begins with whether plaintiff has been excluded from having a personalized license plate. As the parties stipulate, plaintiff and other individuals with disabilities may forego a DPLP and instead obtain a personalized license plate to use in combination with a disability parking placard. ECF No. 41-4 at 3. Vehicle Code section 22511.55 provides that an individual with disabilities "may apply to the department for the issuance of a distinguishing placard[,]" which "may be used in lieu of" a DPLP "when (A) suspended from the rearview mirror, (B) if there is no rearview mirror, when displayed on the dashboard of a vehicle, or (C) inserted in a clip designated for a distinguishing placard and installed by the manufacturer on the driver's side of the front window." Cal. Veh. Code § 22511.55(a)(1). This section also provides that "[i]t is the intent of the Legislature to encourage the use of distinguishing placards because they provide law enforcement officers with a more readily recognizable symbol for distinguishing vehicles qualified for the parking privilege." *Id.*

Plaintiff acknowledges that she can forego a DPLP and instead rely on a placard. ECF

No. 41-2 at 2. However, she provides that this alternative is insufficient for three reasons. First, plaintiff asserts that because she only has one vehicle, she "gain[s] no utility from the placard being moveable." *Id*. at 3. This argument has no bearing on the sufficiency of the placard; rather, plaintiff merely notes a potential advantage of the placard that is not relevant for her.

Second, plaintiff asserts that a placard is "not nearly as easy to see by bystanders," and that when she is forced to double park where there are insufficient van accessible spaces, members of the public are "quite rude" and "may consider vandalizing [her] vehicle." ECF No. 41-2 at 3-4. Without discounting plaintiff's concerns, the court notes that the legislature has reached the opposite stance and has encouraged individuals to use a placard instead of a license plate. *See* Cal. Veh. Code § 22511.55(a)(1) ("It is the intent of the Legislature to encourage the use of distinguishing placards because they provide law enforcement officers with a more readily recognizable symbol for distinguishing vehicles qualified for the parking privilege."). Moreover, despite conceding that she has "used placards in the past," plaintiff does not present any allegation or evidence of past harm to her vehicle, and she does not present any evidence of this harm at large. *See* ECF No. 41-2 at 3-4. Rather, it appears that plaintiff's argument is premised on a theoretical harm, and she provides no legal authority supporting her argument that the placard is insufficient because of a harm that has not been realized.

Third, plaintiff states that she has limited strength such that it is difficult to "bend the plastic around the mirror" when she removes the placard. *Id*. at 3. She also states that when she "inevitably drop[s] it," the placard is difficult to reach on the ground because she drives in a wheelchair. *Id*. This argument is premised on plaintiff's assertion that she is required by law to remove the placard from her rearview mirror each time she starts and stops her vehicle. *See id*. ("As a result, putting the placard on the mirror, and taking it down each time I start and stop the vehicle—as required by law—presents difficulty for me."). However, plaintiff identifies no legal authority setting forth that legal requirement.[5]

---

[5] Moreover, plaintiff fails to address that in lieu of hanging the placard from her rearview mirror, she may insert it "in a clip designated for a distinguishing placard and installed by the manufacturer on the driver's side of the front window." *See* Cal. Veh. Code § 22511.55(a)(1).

In her motion, plaintiff argues that the placard cannot be affixed to her rearview mirror while driving, citing Vehicle Code section 26708. This section provides in part that "[a] person shall not drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle that obstructs or reduces the driver's clear view through the windshield or side windows." Cal. Veh. Code § 26708(a)(2). However, California courts have held that this section "does not flatly prohibit hanging any object on a rearview mirror."[6] *People v. White*, 107 Cal. App. 4th 636, 642 (2003), *as modified* (Apr. 1, 2003). Rather, the relevant inquiry is whether it is "objectively reasonable" for a law enforcement officer to believe that an object obstructs or reduces a driver's clear view through the windshield. *See id*. Here, as defendant notes, "there is no allegation or evidence that the disabled placard would have such an effect on Plaintiff while she operates her modified vehicle."[7] *See* ECF No. 42 at 8.

Accordingly, the court holds that plaintiff maintains "meaningful access" to a personalized license plate in that she may forego a DPLP and instead use a placard.[8] *See Lonberg*, 571 F.3d at 851. Indeed, as noted, "Title II emphasizes 'program access,' meaning that a public entity's programs and services, viewed in their entirety, must be equally accessible to disabled persons." *Cohen*, 754 F.3d at 694-95. Viewed in their entirety, defendant's personalized

---

[6] As defendant notes, this section excludes rearview mirrors. *See* Cal. Veh. Code § 26708(b)(1). However, that exclusion does not appear to extend to objects hung from rearview mirrors; rather, the exception is only for the mirrors themselves. *See People v. White*, 107 Cal. App. 4th 636, 642 (2003), *as modified* (Apr. 1, 2003) (tacitly affirming the trial court's holding that an air freshener hanging from a rearview mirror did not fall within the exceptions of section 26708(b)).

[7] As plaintiff notes, defendant issued instructions accompanying the placard to "remove it from the mirror when driving," and the placard includes all capitalized text at the top stating "remove from mirror before driving vehicle." ECF Nos. 45-2 & 45-3. However, neither the instructions nor the placard cite any legal authority. Moreover, even if plaintiff were required to remove the placard while driving, "perfection is not required to avoid ADA liability." *See Goodwin v. Marin Cnty. Transit Dist.*, 675 F. Supp. 3d 1016, 1024 (N.D. Cal. 2022) (citing *Alexander v. Choate*, 469 U.S. 287, 304 (1985)). While the court does not discount the inconveniences plaintiff encounters in using a placard, they do not, as a matter of law, deny her meaningful access to a personalized license plate.

[8] Consequently, the court does not consider whether any exclusion was by reason of disability, and the court does not address defendant's argument, supported by a declaration from its employee, that the "prohibition on personalized license plates affects disabled and non-disabled persons equally." *See* ECF No. 47 at 3.

license plates are "equally accessible to disabled persons." *See id.*

Plaintiff's final argument is that the court is foreclosed from reaching this holding based on the stipulated facts and collateral estoppel. Regarding the stipulated facts, plaintiff argues that the parties recognized that DPLP, disability parking placards, and personalized license plates are separate benefits, programs, or services. ECF No. 45 at 7. Therefore, plaintiff argues, "[e]ach of these three programs have an independent obligation to comply with the ADA." *Id.* Plaintiff fails to explain how this argument functions independently of her arguments above. Indeed, plaintiff can meaningfully access all three programs. That she cannot access all three concurrently is not necessarily a violation of the ADA; indeed, defendant does not simultaneously offer all three benefits to any individual.

As for collateral estoppel, plaintiff argues that this issue is precluded by *Dare v. California*, 191 F.3d 1167 (9th Cir. 1999). ECF No. 45 at 7-9. The *Dare* court held that California's $6 fee for a disability parking placard violated Title II of the ADA because the fee acted as an unlawful "surcharge" that people without disabilities did not incur. *Dare*, 191 F.3d at 1171-73. The present issue is distinct, and thus the court finds that issue preclusion does not apply.

The court holds that defendant did not violate the ADA by declining to issue plaintiff a personalized DPLP.[9] Accordingly, defendant is entitled to judgment as to plaintiff's ADA claim. Consequently, defendant is also entitled to judgment as to plaintiff's claim under the California Disabled Persons Act. *See* ECF No. 1 ¶ 80 (alleging that defendant violated state law by violating the ADA); ECF No. 41-1 at 22 (plaintiff acknowledging that the state law claim hinges on the underlying ADA claim).

Lastly, plaintiff's claims alleging constitutional violations must also fail. Plaintiff's First Amendment and Fourteen Amendment claims rely on her allegation that she has been denied access to a personalized license plate. *See* ECF No. 1 ¶¶ 89, 97; ECF No. 41-1 at 10-12. However, as established above, personalized license plates are not denied to individuals with

[9] As such, the court does not consider plaintiff's argument that any conflict between the ADA and a state law must be resolved in favor of the ADA. *See* ECF No. 45 at 5.

disabilities, including plaintiff, since such individuals can obtain a personalized license plate to use in combination with a disability parking placard. Accordingly, defendant is entitled to judgment as to plaintiff's First Amendment and Fourteenth Amendment claims.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 41, is DENIED.
2. Defendant's motion for summary judgment, ECF No. 42, is GRANTED.
3. The August 27, 2026, hearing is hereby VACATED.
4. The Clerk of Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: August 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE